## Fry's Appeal.

The act of April 20, 1846 (Pamph. Laws, 411; Purd. Dig. 762, pl. 114), directing that, when land offered at sheriff's sale is bought by a lien creditor, but he is found not entitled to receive the money, and so cannot pay with his receipt, the court shall direct a resale, is mandatory.

(Decided October 19, 1885.)

Appeal from a decree of the Common Pleas of Westmoreland County. Affirmed.

In 1880 Frederick Specht was the owner of a tract of land

of which he made a deed on January 26 to C. Doris, which deed was recorded the same day. On March 21, 1881, Doris conveyed the land by deed recorded March 22, to A. C. Brenizer, whose title became finally vested in John C. Fry. Specht took from Doris a mortgage for $1,175, unpaid purchase money, which was not recorded until April 9, 1881. On July 21, 1882, Isabella Fry obtained a judgment against John C. Fry for $1,000, and on the same day execution issued thereon, and the interest of John C. Fry in said tract of land was sold to Isabella Fry for $700. This money was paid to the extent of $627.54 by the receipt of Isabella Fry, and the remainder in cash.

Specht claimed to have a lien on the land by virtue of his mortgage, though not recorded until after the title was in John C. Fry. He claimed this because, as he alleged, Brenizer had full knowledge of the mortgage at the time he took his deed from Doris. The auditor awarded the fund to Specht, and the court confirmed his award, and ordered the land to be resold unless the purchase money was paid to the sheriff within ten days. The money was not paid, and the court set aside the previous sale and ordered the resale. From this decision the plaintiff appealed.

*W. H. Klingensmith* for appellant.

*Moorhead & Head* for appellees.

PER CURIAM:

As the court set aside the sale, the decree distributing the fund produced by the sale was necessarily superseded. Having set aside the sale by reason of the purchaser not being entitled to receive the money for which it was sold, and she having refused to pay the money to the sheriff, the act of assembly required the court to direct the real estate to be resold.

The statute is mandatory on the cause. There is no error in the decree of sale. This, however, leaves open the question of distribution. To whom the money shall be decreed will be determined after there is a fund in court for distribution.

Decree affirmed and appeal dismissed at the cost of the appellant.